IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELCY WIGINTON and<br>GEORGE STANFORD PIERCE, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE STANFORD PIERCE, ET AL.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:15-CV-828-B (BF) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants George Stanford Pierce, Sr., G. Stanford Pierce D.C., P.A. d/b/a The Pierce Clinic of Chiropractic, Advanced Orthogonal Institute, Inc., Advanced Orthogonal Equipment, Inc., Spinalight, Inc., and Angela D'Amico have filed a Motion to Dismiss this trademark infringement case brought by Plaintiffs Kelcey Wiginton and George Stanford Pierce, Jr. ("Stan, Jr.") for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. *See* Def. Mot. to Dismiss (Doc. 11) at 1. As grounds for their motion, Defendants observe that Plaintiffs' complaint fails to include any specific allegations pertaining to personal jurisdiction or venue. *Id.* at 2. Defendants further assert that Plaintiffs' claims overlap two separate actions pending in Florida: (1) The Pierce Clinic's breach of contract, unfair competition, and tortious interference lawsuit against Plaintiffs' corporation, Advanced Health, PLLC, in Pinellas County, Florida; and (2) Stan, Jr.'s Chapter 11 bankruptcy case.[1] *Id.* at 3-4. According to Defendants, Plaintiffs' claims in the instant case are actually compulsary counterclaims that should have been

---

[1] The Florida state court action is currently stayed due to the pending bankruptcy action.

raised in the Florida state court action. *Id.* at 23-24. Defendants concede that "[i]n the non-bankruptcy context, the court typically transfers rather than dismisses the action," but contend that dismissal is appropriate here because there is a bankruptcy pending. *Id.* at 24.

On the day their response was due, Plaintiffs, who are proceeding *pro se*, filed a motion for extension of time to respond to Defendants' motion to dismiss. Pls.' Mot. (Doc. 14) at 1. Plaintiffs' response tacitly concedes that their complaint cannot withstand scrutiny. *Id.* at 2. However, they argue that most of the issues raised by Defendants' motion can be remedied by amendment. *Id.* at 3, 5-6. For example, Plaintiffs state that they can plead specific facts to support their jurisdictional and venue allegations. *Id.* at 5. Plaintiffs further state that Stan Jr. has decided to abandon his Chapter 11 bankruptcy, and the case is set for uncontested dismissal within ten days. *Id.* at 7. Plaintiffs suggest that, when the stay is lifted, they will remove the Florida state court action to federal court and may agree to transfer this case to the federal court in Florida for possible consolidation. *Id.* at 7, 9. Plaintiffs request a six week extension to file a response to Defendants' motion and an amended complaint. *Id.* at 4, 9. The certificate of conference attached to Plaintiffs' motion indicates that Defendants do not oppose a brief extension of the deadline for filing a response. *See id.* at 8.

Under these circumstances, and without expressing a view on whether any of Plaintiffs' contentions are sufficient to overcome Defendants' motion to dismiss, Plaintiffs' motion for an extension of time should be granted. The court should permit Plaintiffs to file an amended complaint, which may well moot some or all of the grounds for dismissal raised in Defendants' motion. In order to conserve judicial resources and avoid unnecessary expense and delay, the court

should deny without prejudice Defendants' motion to dismiss and allow Defendants to file another motion, if appropriate, after Plaintiffs amend their complaint.

## RECOMMENDATION

The court should DENY without prejudice Defendants' motion to dismiss (Doc. 11) and GRANT Plaintiffs' motion for an extension of time (Doc. 14). The court should order Plaintiffs to file an amended complaint not later than 30 days after this recommendation is adopted by the district court. If the amended complaint fails to establish a basis for the court to exercise personal jurisdiction, or that venue is proper in the Northern District, or the complaint fails to state a claim upon which relief can be granted, Defendants may file another Rule 12 motion.

SO RECOMMENDED, June 15, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).